## JACOB C. BURT v. STATE OF MISSISSIPPI.

1. JURIES. *Special venire. Local law. Perry county. Laws* 1892, *ch.* 116, *p.* 392. *Constitution* 1890, *sec.* 90 (*n*).

   Laws 1892, p. 392, ch. 116, dividing Perry county into two judicial districts, and providing that no person shall be liable to jury duty outside the district in which he lives, if intended as a local or special law, was in contravention of Constitution 1890, sec. 90 *n*, prohibiting special laws with regard to the summoning and impaneling of juries; and the general law governed, which authorized the drawing of a special venire from both judicial districts of such county.

2. SAME. *Code* 1892, ¿ 2363. *Laws* 1904, *p.* 208, *ch.* 151.

   If the legislature intended by the act dividing Perry county to simply adopt the general jury law, and make it applicable to the two districts of the county, then, the subject of the act having been revised and reënacted in Code 1892, the amendments of the general law subsequently adopted (Laws 1904, p. 208, ch. 151, amending Code 1892, § 2363), authorizing a jury to be drawn from both districts, apply to the judicial districts of Perry county.

FROM the circuit court of, second district, Perry county.

HON. WILLIAM T. McDONALD, Judge.

Burt, the appellant, was indicted, tried, and convicted of having murdered one B. T. Courtney, sentenced to the penitentiary for life, and appealed to the supreme court. The

opinion of the court shows the facts upon which the decision turned.

*James H. Neville, Hartfield & McLaurin, G. W. Ellis, Simon E. Turner, Andrew J. McConnico,* and *F. M. Glass,* for appellant.

*William Williams,* attorney-general, and *Stevens & Stevens,* for appellee.

Argued orally by *G. W. Ellis,* and *James H. Neville,* for appellant.

TRULY, J., delivered the opinion of the court.

The only question of importance presented by this record grows out of the action of the trial judge in overruling appellant's motion to quash the special venire demanded by the defendant. The circuit judge, in conformity with Code 1892, § 2363, as amended by ch. 151, p. 208, Acts 1904, had the special venire drawn from both judicial districts of Perry county, as directed therein. The objection of appellant to this course was overruled, and his request that the special venire be drawn solely from the district in which he had been indicted, and where the trial was being held, denied. Appellant contends that this action constitutes reversible error.

The county of Perry was divided into two judicial districts by act of the legislature approved March 6, 1892 (ch. 116, p. 392, Acts 1892), and that act recites that no person shall be liable to jury duty outside the district in which he lives. It is urged by appellant that this was a special and local law, and not being expressly repealed by adoption of the code of 1892, and being in force prior to the date when that code took effect, therefore it still governs the drawing of juries in Perry county. The answer to this argument is twofold: First—If it was intended by the legislature to adopt this law as a special or local law, then the provision ingrafting an exception upon the general

jury law of the state was unconstitutional, because in contravention of the provisions of sec. 90n, Constitution 1890, which provides that the legislature shall not pass any local, private, or special law with regard to "selecting, drawing, summoning, or impaneling grand or petit juries." If this provision of the act was unconstitutional, the general law governs, and the action of the court in the instant case in following the general law was correct. The second answer is that if it was the intention of the legislature, in passing the act dividing Perry county, to simply adopt the general jury law of the state, and make it applicable to the two districts of that county, then, the subject of the act having been "revised and reënacted" in the code of 1892, the amendments of the general law subsequently adopted by the legislature apply also to the judicial districts of Perry county. In this event, as the circuit judge followed strictly the provisions of the general jury law, this action was correct, and the motion to quash the special venire was properly overruled. We cannot believe that it was the intention of the legislature to single out the county of Perry and establish for it a system controlling the summoning and impaneling of juries entirely distinct from that in force elsewhere throughout the state. Section 90n of the constitution was adopted to prevent the possibility of the existence of such an incongruous condition of affairs.

The ruling of the court in admitting the testimony of the witness, McKenzie, was correct. The testimony being competent, relevant, and admissible, it was for the jury to decide what weight should be given it. Nor was it error to permit McKenzie, in rebuttal, to deny that appellant used the qualifying phrases testified to. Taken as a whole, the proof amply supports the verdict.

*Affirmed.*